IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| ANGEL MARIE LUCAS, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 5:15-11767 |
| ) | |
| SOUTHERN REGIONAL JAIL, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's letter-form Motion to Dismiss Complaint (Document No. 8.), filed on August 7, 2015. By Order entered on August 6, 2015, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.)

## FACTUAL AND PROCEDURAL HISTORY

On August 4, 2015, Plaintiff, proceeding *pro se*, filed her Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) Plaintiff named the following as Defendants: (1) The Southern Regional Jail; (2) Ms. Keffner; (3) Mr. Michael Francis; (4) Sgt. Vandel; and (5) Ms. Poff. (Id.) Plaintiff complains that Defendants violated her constitutional rights by improperly taking her personal property, denying her appropriate medical treatment, engaging in retaliatory conduct, denying her access to the law library, using unnecessary and excessive force, and improperly placing her in segregation. (Id.) As relief, Plaintiff requests that the Court (1) conduct an investigation, (2) require the prosecution of Defendants, (3) direct that Plaintiff be taken to a specialist for medical treatment, and (4) award her compensation for her injuries and any

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

medical expenses. (Id.)

By Order entered on August 6, 2015, the undersigned directed that Plaintiff either pay the filing and administrative fee totaling $400 or file an Application to Proceed *in Forma Pauperis* by August 24, 2015. (Document No. 7.)

On August 7, 2015, Plaintiff filed her letter-form Motion to Dismiss. (Document No. 8.) Specifically, Plaintiff states as follows: "I apologize that I have mailed the complaint. I do not want to file the complaint at this time. I will need to go over the complaint with my recent counsel. Please do not file the complaint." (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D.

W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's letter-form Motion to Dismiss Complaint (Document No. 8.), **DISMISS** Plaintiff's Complaint (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 10, 2015.

R. Clarke VanDervort
United States Magistrate Judge